IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Wendell X. Watkins Sr.,                           Case No. 3:21-cv-00685-JGC

        Plaintiff,

        v.                                        **ORDER**

Tammy Knaggs, et al.,

        Defendants.

        This is a prison conditions case primarily under 42 U.S.C. § 1983. Plaintiff, Wendell X. Watkins Sr., an inmate at the Toledo Correctional Institution (ToCI), asserts claims of deliberate indifference to his serious medical needs and use of excessive force under the Eighth Amendment's Cruel and Unusual Punishment Clause. He also seeks recovery for alleged violations of the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (ADA), and state negligence law.[1]

        Pending is defendants' motion to dismiss plaintiff's Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[2] (Doc. 12). Plaintiff opposes the motion, (Doc. 20), and defendants filed a reply, (Doc. 21).

        For the following reasons, I deny defendants' motion in part and grant it in part.

---

[1] On October 3, 2022, I granted plaintiff's motion for leave to amend his Complaint, which defendants did not oppose.

[2] Defendants filed their motion in response to plaintiff's original complaint (Doc. 1). Once I granted plaintiff's motion for leave to amend his complaint, and after plaintiff had done so, (Docs. 11 and 12), defendants announced on October 21, 2022 that they would not be filing a supplemental motion to dismiss. I am therefore applying defendants' motion to plaintiff's Amended Complaint.

## Background

### 1. Factual Allegations

Plaintiff's claims arise from his abortive suicide attempt.

His Amended Complaint alleges that, on March 29, 2019, he was in a "suicide safety cell" and on the third day of "constant suicide watch." (Doc. 11, pgID 322). While plaintiff was on that status, a Corrections Officer (C.O.) would observe him round-the-clock. (*Id.*). Defendant C.O. Logan moved him to an interview room to speak with defendant Knaggs, then a ToCI social worker. (*Id.*). Plaintiff told defendant Knaggs, in response to her questioning, that he was still feeling suicidal, was severely depressed, and wanted to hang himself. (*Id.*).

Despite plaintiff's statements, Knaggs told him she was going to transfer him from constant suicide watch to "mental health observational status," whereby a C.O. would check on him at half-hour intervals rather than keep him under constant watch. (*Id.*). Plaintiff told Knaggs that, if left alone, he was going to commit suicide. (*Id.*).

Knaggs asked plaintiff how he was going to do so. (*Id.*). He said by cutting up his suicide blanket on a sharp edge of his bed. (*Id.*). In response, Knaggs said she would have an officer conduct a strip search of plaintiff and his cell. (*Id.*).

That apparently did not happen. (*Id.*).

As C.O. Logan escorted plaintiff back to his cell, plaintiff stated again that he was going to commit suicide, if left alone, by cutting up his blanket on the sharp edge of his bed and hanging himself. (*Id.*). As they were walking, plaintiff called out to other unnamed officers that he was going to commit suicide. (*Id.*).

C.O. Logan allegedly laughed as he locked plaintiff in his cell and left him alone. (*Id.*).

Once back in his cell, plaintiff cut up his blanket, made a noose, and hung himself from a ventilation duct. (*Id.*). He lost consciousness. (*Id.*). Other inmates in the vicinity "began hollering from their cells that . . . [p]laintiff had hung himself." (*Id.*, pgID 324).

Defendant C.O. Piotrowski responded to the calls of the other inmates. (*Id.*). Upon finding plaintiff, C.O. Piotrowski attempted to mace him through the cell door's "cuff-port." (*Id.*). C.O. Piotrowski, without entering the cell (or attempting to cut plaintiff down), ran out of the cellblock for backup. (*Id.*, pgID 324, 330). C.O. Piotrowski returned with defendant Lieutenant Riechenbaugh and another unidentified C.O. (*Id.*, pgID 324). They entered the cell and cut plaintiff down, at which point C.O. Piotrowski maced plaintiff while he lay unconscious on the ground. (*Id.*). C.O. Piotrowski would later tell plaintiff that "he didn't think it was right but couldn't do anything about it because he was trained that way." (*Id.*, pgID 328). Plaintiff began suffering a seizure as the responding officers placed him on a stretcher. (*Id.*, pgID 324).

Plaintiff awoke in a hospital emergency room. (*Id.*, pgID 322). He was told he had been having repeated grand mal seizures and had stopped breathing multiple times. (*Id.*). Shortly afterwards, his seizures resumed, and he was kept alive through a breathing tube. (*Id.*). He awoke "a day or so later" then spent three more days in the E.R. (*Id.*, pgID 323). At this point, a physician prescribed him an "antidepressant/seizure medication" and discharged him. (*Id.*).

On return to ToCI, plaintiff was placed in the medical unit under constant suicide watch. (*Id.*).

Plaintiff claims that, while in the medical unit (for an unspecified period), he was unable to stand up for long at his cell door. (*Id.*, pgID 324). He also experienced arytenoid dislocation, a raspy voice, and a sore throat – his vocal cords were swollen from the hanging and effects of

3

having a breathing tube down his throat. (*Id.*). Plaintiff has since recovered from arytenoid dislocation but still experiences a "painful rasp on his vocal cords." (*Id.*, pgID 326).

On March 4, 2020, during a conversation with C.O. Piotrowski, plaintiff learned that C.O. Piotrowski had been trained and instructed to mace inmates when they were on the ground, and that such was institutional policy. (*Id.*, pgID 328).

Plaintiff claims that a year passed after the incident before he received appropriate medication for his mental condition. (*Id.*, pgID 326).

### 2. Claims

Construing Plaintiff's *pro se* Amended Complaint liberally, I find that it raises the following claims:

- Deliberate indifference to plaintiff's serious mental health needs in violation of the Eighth Amendment and the ADA[3] against defendants Knaggs and Logan due to their failure to adequately respond to plaintiff's foreseeable suicide attempt;

- Negligent failure to protect from self-harm against defendants Knaggs and Logan, also due to their failure to adequately respond to plaintiff's foreseeable suicide attempt;

- Excessive force in violation of the Eighth Amendment against defendant Piotrowski for macing the unconscious plaintiff;

- Deliberate indifference to plaintiff's serious medical health needs in violation of the Eighth Amendment against defendants Logan, Briney, Ridgeway, Rodriguez, Roberts, Morton, and Reichenbaugh due to their failure in stopping Piotrowski from macing plaintiff; and

---

[3] The briefing does not address the ADA claims. As far as I can discern, plaintiff brings a claim against defendants Knaggs and Logan under Title II of the ADA, 42 U.S.C. § 12131, *et seq.*, for denial of reasonable accommodations for his mental health disability. But a Title II ADA claim can only be brought against a "public entity" – not against defendants in their individual capacities, as plaintiff has done. 42 U.S.C. § 12131; *see also Douglas v. Muzzin*, No. 21-2801, 2022 WL 3088240, at *3 (6th Cir. Aug. 3, 2022). I therefore dismiss plaintiff's ADA claims *sua sponte*.

4

- Negligent failure to protect from assault against defendants Logan, Briney, Ridgeway, Rodriguez, Roberts, Morton, and Reichenbaugh, also due to their failure in stopping Piotrowski from macing plaintiff.

(*Id.*, pgID 331-37).

Plaintiff alleges that he incurred over $110,000 in hospital bills to treat his physical and mental injuries. (*Id.*, pgID 326, 331).

## Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

When considering a Rule 12(b)(6) motion, I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). A plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, supra, 550 U.S. at 555.

Because plaintiff filed his pleading *pro se*,[4] he is entitled to liberal construction of his pleadings and is held to less stringent standards than formal pleadings drafted by

---

[4] Patricia Horner, Esq. has since accepted assignment as plaintiff's counsel *pro bono publico* under the procedure that our Court has established to provide, using attorney admission fees, limited reimbursement of out-of-pocket costs to counsel accepting such assignments.

lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

### Discussion

Defendants contend that I should dismiss each cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 12). I will address each claim in turn.

### 1. Deliberate Indifference to Serious Mental Health Needs: Defendants Knaggs and Logan

The Eighth Amendment establishes a right to be free from "cruel and unusual punishments." U.S. Const. amend. VIII. In *Estelle v. Gamble*, the Supreme Court held that a prison official's "deliberate indifference to serious medical needs of prisoners" violates the Eighth Amendment. 429 U.S. 97, 104 (1976).

A deliberate indifference claim has an objective and subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). A prisoner's medical need must be "sufficiently serious" to satisfy the objective component. *Id.* at 702-03 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he [or she] did in fact draw the inference, and that he [or she] then disregarded that risk." *Id.* at 703 (citing *Farmer, supra*, 511 U.S. at 837).

A mental health issue resulting in suicidal tendencies "easily satisfies the objective component" of a deliberate indifference claim as a sufficiently serious medical need. *Id.* at 703-04 (citing *Horn v. Madison Cty. Fiscal Ct.*, 22 F.3d 653, 660 (6th Cir.1994)); *Nallani v. Wayne*

*Cnty.*, 665 F. App'x 498, 507 (6th Cir. 2016). That being so, a rational jury could find that plaintiff's severe depression, which led to suicidal ideation, is a medical need that satisfies the objective component.

A rational jury likewise could conclude that plaintiff has also satisfied the subjective component of his deliberate indifference claim against defendants Knaggs and Logan.

The complaint alleges that plaintiff sought unsuccessfully to make clear to both defendants Knaggs and Logan that he was still feeling severely depressed and suicidal. Plaintiff gave both defendants his intended roadmap as to how he intended to come to his life's end. If left alone, he would hang himself with a noose cut from his blanket.

I conclude that plaintiff's complaint plausibly alleges that defendant Knaggs perceived plaintiff's mental instability. She understood that the risk of a suicide attempt remained. Though removing him from constant suicide watch, she kept him under mental health observational status. This entailed checking on plaintiff at half-hour intervals to make sure he was not engaging in self-harm. *See Comstock, supra*, 273 F.3d 706 (finding that prison psychologist subjectively perceived the risk of serious harm to the plaintiff based, in part, on "his conclusion that [plaintiff] was suicidal enough to be placed under close observation").

Plaintiff also plausibly alleges that defendant Logan was aware of the ongoing suicide risk. This is based on plaintiff's communication of his suicide plans to defendant on the walk back to plaintiff's cell, which defendant acknowledged with a laugh. *See Nallani, supra*, 665 F. App'x at 509-10 (6th Cir. 2016) (finding that officers, who were aware that the plaintiff was under half-hour observational status, subjectively perceived a suicide risk).

Plaintiff has also plausibly alleged that defendant Knaggs disregarded the risk of suicide. Despite hearing plaintiff's detailed plans for how he would commit suicide if removed from

constant suicide watch, defendant Knaggs mandated half-hour check-ins. Although she stated that she would order an officer to strip search plaintiff's cell to make sure he would not have the tools to carry out the hanging, she gave no such order.

Defendant Knaggs argues for the first time in her reply brief that her discretionary medical judgments are entitled to deference and do not give rise to a deliberate indifference claim. (Doc. 21, pgID 425-26). Setting aside the impropriety of asserting new arguments in a reply brief, *see Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 595 n.4 (6th Cir. 2008) (finding waiver of argument raised for the first time in a reply brief), I conclude that no deference is due here. Plaintiff had spelled out to defendant Knaggs in graphic detail how he would hang himself if removed from constant watch. A rational jury could find that, by removing plaintiff from constant watch and failing to order a strip search of plaintiff's cell, defendant Knaggs had been subjectively indifferent to plaintiff's manifested mental health needs and the risk that he might attempt suicide.

For similar reasons, plaintiff has also plausibly alleged that defendant Logan disregarded the manifested suicide risk. Plaintiff alleges that defendant Logan listened to his plans to hang himself if left alone yet nevertheless left him alone. In short, defendant Logan did not make any effort to disrupt plaintiff's plans of self-harm.

For all of these reasons, I find that plaintiff has plausibly stated the elements of his deliberate indifference claims against defendants Knaggs and Logan.

Defendants argue (also for the first time in their reply brief) that the doctrine of qualified immunity shields them from liability for their actions. (*See, e.g.*, Doc. 21, pgID 426). "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

As stated *supra*, plaintiff has plausibly alleged that defendants Knaggs and Logan violated his Eighth Amendment right to be free from deliberate indifference to his serious medical needs. To overcome qualified immunity, plaintiff must also show that his violated rights were clearly established. He has done so.

The Sixth Circuit has explained that, "at least since [*Estelle v. Gamble*], the principle of law has been clearly established 'that deliberate indifference to serious medical needs of prisoners constitutes' a violation of the Eighth Amendment, regardless of whether that indifference is manifested by prison doctors or prison guards." *Nallani, supra*, 665 F. App'x at 512 (quoting *Estelle, supra*, 429 U.S. at 104-05). In *Nallani*, the Sixth Circuit found that a prison guard, who was deliberately indifferent to that prisoner's suicide risk, had violated clearly established law under *Estelle*. *Id.* Therefore, that prison guard was not entitled to qualified immunity. *Id.*; *see also Comstock, supra*, 273 F.3d at 711 (noting that the Sixth Circuit "has consistently recognized a prisoner's established right to medical attention once the prisoner's suicidal tendencies are known.").

Therefore, under clearly established Supreme Court and Sixth Circuit case law, defendants Knaggs and Logan, in view of their alleged conduct, are not entitled to qualified immunity. This is especially so considering our Circuit view that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity" and that the appropriate point "is usually summary judgment . . . ." *Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) (citing cases).

9

Therefore, I deny defendants Knaggs' and Logan's motion to dismiss plaintiff's Eighth Amendment claims of deliberate indifference to his serious medical needs.

Turning to plaintiff's state law negligence claim, my decision as to the Eighth Amendment claims leads to denial of the defendants' motion to dismiss his state law negligence claim for failure to protect him from the risk of self-injury. *See Wales v. Parker*, No. 3:18-CV-00403, 2019 WL 1437930, at *3 (M.D. Tenn. Apr. 1, 2019) (allowing state tort claims for assault and battery to survive dismissal when those claims were analogous to plaintiff's Eighth Amendment excessive force claim and arose from the same facts giving rise to the latter).

### 2. Excessive Force Claim: Defendant Piotrowski

"The Eighth Amendment proscribes the unnecessary and wanton infliction of pain against prisoners." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Plaintiffs must satisfy both objective and subjective components to bring a claim for a prison guard's misuse of force. *Id.*

Under the subjective component, "[t]he relevant inquiry is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Factors to consider include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley, supra*, 475 U.S. at 321.

A plaintiff must allege that the injury suffered was "sufficiently serious" to satisfy the objective component. *Williams*, *supra*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This is an evolving standard that is "responsive to contemporary standards of decency." *Id.* (quoting *Hudson, supra*, 503 U.S. at 8-9). However, "[t]he seriousness of the

10

injuries are not dispositive." *Id.* Malicious and sadistic uses of force will always violate contemporary standards of decency even absent a significant injury. *Id.* (citing *Hudson, supra*, 503 U.S. at 9).

A rational jury could find that the circumstances that plaintiff alleges established the subjective and objective components of his excessive force claim. At this stage, plaintiff has plausibly alleged that defendant Piotrowski acted maliciously and sadistically by macing plaintiff while he lay unconscious on the ground following his attempted suicide.

Defendant argues that he used mace to prevent plaintiff's suicide attempt. (Doc. 20, pgID 415). At most, this contention raises a disputed issue of fact; in any event, it is premature in this Rule 12(b)(6) proceeding.

In any event, plaintiff has sufficiently alleged that defendant maced him only after he was already removed from the noose and laying unconscious on the ground. *See Wales, supra*, 2019 WL 1437930, at *3 (finding a "colorable excessive force claim" against prison guard who deployed pepper spray against a plaintiff who was unconscious and restrained in handcuffs); *see also Williams, supra*, 631 F.3d at 384 (finding that inmate, who was subject to a chemical spray despite not disobeying any orders, stated an excessive force claim).

Moreover, plaintiff alleges that defendant Piotrowski later admitted to him that he did not believe that the actions he took were "right." But, he said, he deployed the mace anyway pursuant to how he was trained.

"Reliance on a superior's orders," the Sixth Circuit held in *Thaddeus-X v. Blatter*, "does not in itself dissipate all liability." 175 F.3d 378, 393 (6th Cir. 1999). In any event, a rational jury could find that defendant Piotrowski's statement, if plaintiff's testimony is found credible, supported a finding that he acted with a sufficiently culpable state of mind.

By virtue of plausibly pleading that defendant Piotrowski acted maliciously and sadistically, plaintiff has also satisfied the objective component of his Eighth Amendment claim. *See Williams, supra* 631 F.3d at 384 (holding that temporary "coughing and shortage of oxygen" from a malicious and sadistic deployment of pepper spray rose to the level of a "sufficiently serious" injury). In any case, plaintiff has also alleged that his ensuing injuries were more than *de minimis*. Plaintiff alleges that he began suffering mal seizures shortly after defendant Piotrowski sprayed him. His injuries led to his hospitalization and intubation. He continues to experience pain in his throat. While it is not entirely clear from his complaint whether the aborted suicide attempt or mace caused each of plaintiff's injuries, he has met his pleading burden to survive dismissal at this stage.

As did defendants Knaggs and Logan, defendant Piotrowski argues that qualified immunity shields his actions from liability. (Doc. 12, pgID 385-87). I disagree. As noted *supra*, dismissal on the basis of qualified immunity is generally inappropriate prior to summary judgment. Additionally, plaintiff has plausibly alleged that defendant Piotrowski's actions violated clearly established law. Following *Williams*, it is clearly established law in this Circuit that malicious and sadistic deployments of mace on compliant or non-struggling inmates violates the Eighth Amendment. 631 F.3d at 384. That is precisely what plaintiff alleges.

Therefore, I deny defendants' motion to dismiss plaintiff's excessive force claim against defendant Piotrowski.

### 3. Remaining Claims:
**Defendants Logan, Briney, Ridgeway, Rodriguez, Roberts, Morton, and Reichenbaugh**

Plaintiff also raises claims under the Eighth Amendment and state negligence law against defendants Logan, Briney, Ridgeway, Rodriguez, Roberts, Morton, and Reichenbaugh based on

their failure to prevent defendant Piotrowski from macing plaintiff as he lay unconscious on the ground.

Plaintiff has failed to state these claims. His Amended Complaint is completely bereft of any factual details regarding how these defendants were involved in any malfeasance. Instead, plaintiff asks me to infer such malfeasance based on various exhibits, including various incident reports and affidavits, which he appends to his complaint. (Doc. 11, pgID 339-75). I will not do so because district courts are not to "conjure allegations" in *pro se* pleadings that do not "meet basic pleading requirements." *See Erwin, supra*, 22 F. App'x at 580.

Therefore, I grant defendants' motion to dismiss these claims.

## Conclusion

It is, therefore,

ORDERED THAT

1. Defendants' motion to dismiss (Doc. 12) be, and the same hereby is, denied with regard to:

    a. The claims against defendants Knaggs and Logan for deliberate indifference to plaintiff's serious mental health needs in violation of the Eighth Amendment;

    b. The claims against defendants Knaggs and Logan for negligent failure to protect plaintiff from self-harm and to adequately respond to plaintiff's foreseeable suicide attempt; and

    c. The claim against defendant Piotrowski for excessive force in violation of the Eighth Amendment;

2. Defendant's motion to dismiss (Doc. 12) be, and the same hereby is, granted with regard to:

    a. The claims against defendants Knaggs and Logan for violation of the ADA;

    b. The claims against defendants Logan, Briney, Ridgeway, Rodriguez, Roberts, Morton, and Reichenbaugh for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment due to their failure to stop defendant Piotrowski from macing plaintiff; and

    c. The claims against defendants Logan, Briney, Ridgeway, Rodriguez, Roberts, Morton, and Reichenbaugh for negligent failure to protect plaintiff from defendant Piotrowski's assault of plaintiff;

3. The clerk shall forthwith schedule a Case Management conference; and

4. Not later than one week before the conference, the parties shall submit a Report of Parties Planning Meeting.

So ordered.

Date: 3/7/2023    /s/ James G. Carr
                  Sr. U.S. District Judge